# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| GEMINI CAPITAL GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.** |
| | ) |
| MILLER AND STEENO, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
## FOR DAMAGES AND DECLARATORY RELIEF

Gemini Capital Group, LLC ("Plaintiff" or "Gemini"), for its claims against Miller and Steeno, P.C., states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a Delaware limited liability company and its principal place of business is in the State of New York.

2. Defendant Miller and Steeno, P.C. ("Defendant" or "Miller") is a law firm operating as a professional corporation with an office located in St. Louis, Missouri.

3. Plaintiff and Defendant collectively are citizens of different states; thereby diversity of citizenship is present allowing this Court to have jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

4. Plaintiff's claim for damages is in excess of $75,000, as required by 28 U.S.C. § 1332.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2201.

OM 278448.1

**VENUE**

6. The actions complained of occurred primarily in the Missouri counties of Greene and Christian; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

7. Plaintiff owns certain delinquent accounts.

8. Defendant is a Missouri law firm that holds itself out as capable of representing litigants in legal proceedings involving, among other things, collections and creditor's rights.

4. At the time of the events described herein, Miller was a law firm that was appointed by Gemini to collect on certain delinquent accounts, including accounts of Thomas Graves ("Graves"), Jason Barton ("Barton"), Lela Thoms ("Thoms"), and Daniel Tripp ("Tripp") (collectively "Counterclaimants").

5. At the time of the events described herein, Miller and Gemini had an agreement (hereinafter referred to as "Agreement") whereby Miller accepted the engagement to collect on certain delinquent accounts (hereinafter "Accounts"), and agreed to, inter alia, use its best efforts, in compliance with all applicable laws and regulations, to promptly secure all required information for, and obtain all amounts due with respect to, the accounts that Gemini referred to Miller ("Services") and to, at a minimum, adhere to certain performance standards and to comply with all applicable federal, state and local laws.

9. Per the Agreement, Miller agreed to defend, indemnify and hold Gemini harmless from and against any and all claims, actions, proceedings, judgments, expenses, damages, and liability which may result from any breach of the Agreement or any act of commission or omission by Miller (including, without limitation, violation of any federal, state or local law) arising out of the performance of the Services by Miller.

10. On or about February 18, 2011, Miller, on behalf of Gemini, brought action against Barton in the Circuit Court of Greene County, Missouri seeking to collect a debt made by Barton and assigned to Gemini.

11. On April 7, 2011, Barton filed his counterclaims against Gemini. On October 19, 2012, the state court entered judgment on Gemini's claims, leaving only Barton's counterclaims pending in the matter.

12. On or about April 23, 2013, Barton sought leave to amend his counterclaims and thereafter was granted leave to file his First Amended Counterclaim and Class Action Allegations.

13. In Barton's First Amended Counterclaim, Barton asserts claims for malicious prosecution (based on the filing of the underlying debt collection lawsuit in the instant case); violations of the Fair Debt Collection Practices Act ("FDCPA") (based on "demanding payment from Barton in a letter and filing suit"); fraud (based on Gemini's representation that it had a valid interest in Barton's alleged debt when it filed suit); and class action for violations of the FDCPA (based on, inter alia, Gemini bringing the underlying lawsuit to collect a debt when Gemini knew or should have known that it had no standing to bring suit).

14. On or about February 16, 2011, Miller, on behalf of Gemini, brought action against Graves in the Circuit Court of Christian County, Missouri, seeking to collect on a debt made by Graves and assigned to Gemini.

15. On April 5, 2011, Graves filed his counterclaims against Gemini. On June 21, 2012, the state court entered final judgment of dismissal of Gemini's claims without prejudice, leaving only Graves' counterclaims pending in that matter.

3

OM 278448.1

16. On or about June 13, 2012, Graves sought leave to amend his counterclaims and thereafter was granted leave to file his First Amended Counterclaim and Class Action Allegations.

17. In Graves' First Amended Counterclaim, Graves asserts claims for malicious prosecution (based on the filing of the underlying debt collection lawsuit in the instant case); violations of the FDCPA (based on "demanding payment in a letter and filing suit"); fraud (based on Gemini's representation that it had a valid interest in Graves' alleged debt when it filed suit); and class action allegations for violations of the FDCPA (based on, inter alia, Gemini bringing the underlying lawsuit to collect a debt when Gemini knew or should have known that it had no standing to bring suit).

18. Barton's and Graves' counterclaims against Gemini have been consolidated and are pending in the Circuit Court of Greene County, Missouri as case number 1131-CV02497.

19. On or about September 3, 2010, Miller, on behalf of Gemini, brought action against Tripp and Thoms in the Circuit Court of Greene County, Missouri, seeking to collect a debt made by Tripp and Thoms and assigned to Gemini.

20. On or about December 8, 2010, Tripp and Thoms filed their counterclaims against Gemini. On or about June 14, 2012, Gemini's claims were dismissed, leaving only Tripp and Thoms' counterclaims pending in that matter.

21. On or about January 3, 2014, Tripp and Thoms sought leave to amend their counterclaims and thereafter were granted leave to file their Second Amended Counterclaim and Class Action Allegations.

22. In Tripp's and Thoms' Second Amended Counterclaim, they assert claims for malicious prosecution (based on the filing of the underlying debt collection lawsuit in the instant

case); violations of the Fair Debt Collection Practices Act ("FDCPA") (based on "demanding payment in a letter and filing suit"); fraud (based on Gemini's representation that it had a valid, enforceable interest in the alleged debt owned by Tripp and Thoms); and class action for violations of the FDCPA (based on, inter alia, Gemini bringing the underlying lawsuit to collect a debt when Gemini knew or should have known that it had no standing to bring suit).

23. Thoms' and Tripp's counterclaims against Gemini are pending in the Circuit Court of Greene County, Missouri as case number 1031-CV13263.

24. Gemini relied upon Miller to use its expertise and experience to properly conduct the collection activity on all Accounts, including the Counterclaimants' Accounts that Gemini had referred to Miller, including, but not limited to, preparation and transmittal of initial demands, and legal proceedings (including the determination of whether to file the lawsuits and maintenance of all aspects of the lawsuits thereafter).

25. As to the Accounts that Gemini refers to Miller, including the Counterclaimants', Gemini has no involvement in the preparation or transmittal of any demand to delinquent account holders, including the Counterclaimants, and relies solely on the knowledge and skill of Miller to determine whether to prepare and transmit any demand on the holder of the Accounts, including the contents of any demand to Barton and/or Graves.

26. As to the cases captioned Gemini v. Barton, Gemini v. Graves, and Gemini v. Tripp and Thoms, Gemini left the determination of whether to file the lawsuits to its attorneys, Miller. It further had no involvement in the preparation of the pleadings, or any aspect of the lawsuits and relied solely on the knowledge and skill of Miller to bring and maintain the lawsuits against the Counterclaimants.

27. Miller did not request the assistance of Gemini in formulating the pleadings in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>, and Gemini had no expertise of the laws applicable to filing lawsuits for the collection of delinquent debt, including the lawsuit against the Counterclaimants. Miller's purported expertise in Missouri collection law and procedures is precisely why Gemini retained Miller.

28. In defending the counterclaims in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>, Gemini has been forced to expend significant sums in attorneys' fees and costs and may be subject to additional costs/expenses/liability if Gemini is ultimately held to be liable to the Counterclaimants.

## CAUSES OF ACTION

## COUNT I: MALPRACTICE

29. Gemini repeats the allegations contained in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Gemini and Miller had an attorney-client relationship.

31. The Counterclaimants have alleged in their counterclaims that, in filing and prosecuting the cases against them captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>, Gemini acted falsely, recklessly or maliciously because it filed the lawsuits knowing they were unsupported by documentation or by proper documentation and that Gemini did not produce a proper assignment of the Counterclaimants' debt to Gemini, which renders Gemini liable for malicious prosecution, violations of the Fair Debt Collection Practices Act, and fraud, <u>inter alia</u>. Gemini denies any wrongdoing. However, to the extent that the state courts find any liability based on any such actions, these actions and decisions were taken solely by Miller as Gemini's agent.

6

OM 278448.1

Case 6:14-cv-03161-SRB   Document 1   Filed 04/08/14   Page 6 of 11

32. Through the actions set forth herein, Miller breached its Agreement and such breach of contract has caused Gemini to be subjected to the claims alleged by the Counterclaimants and to incur substantial attorneys' fees and costs in defending against these claims and other damages; and Gemini may be subjected to future and further liability for damage suffered by the Counterclaimants as alleged in their counterclaims.

33. Even aside from the Agreement, Miller was negligent in its representation of Gemini in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>, in that Miller subjected Gemini to the counterclaims alleged by the Counterclaimants and caused Gemini to incur substantial attorneys' fees and costs in defending against these claims and other damages; and Gemini may be subjected to future and further liability for damage suffered by the Counterclaimants as alleged in their counterclaims.

34. Miller deviated from the standard of care applicable for attorneys practicing in the Circuit Courts of Greene County, Missouri and Christian County, Missouri.

35. But for Miller's failure to exercise due care, Gemini would not have been subjected to the Counterclaimants' counterclaims and Gemini, as a result of Miller's failures, has already sustained damages and may sustain damages in the future.

36. Gemini is entitled to recover from Miller all damages, including but not limited to the attorneys' fees and expenses that it has already incurred in defending the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms,</u> and any future attorneys' fees and costs that will be expended in defending such counterclaims, along with any judgment that Gemini is ultimately responsible for in those actions.

WHEREFORE, Gemini prays for judgment in its favor and against Miller for a sum equal to any judgment in favor of the Counterclaimants in the cases captioned <u>Gemini v. Barton,</u>

Gemini v. Graves, and Gemini v. Tripp and Thoms, including any pre-judgment interest, and for the costs and expenses incurred by Gemini in defending the counterclaims, including its attorneys' fees, plus pre-judgment interest on all such damages; for the costs and expenses incurred by Gemini in prosecuting the instant action, including its attorneys' fees; and for such further relief as may be allowed by the Court.

## COUNT II: BREACH OF CONTRACT

37. Gemini repeats the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. As set forth above, Miller and Gemini entered into an Agreement.

39. Miller had various obligations under the Agreement.

40. Miller has breached the Agreement by subjecting Gemini to the Counterclaimants' counterclaims.

41. Gemini has been damaged in that it has been forced to expend monies for fees and expenses in defending the Counterclaimants' counterclaims, and may be required to make payment to the Counterclaimants, to the extent that the Counterclaimants are ultimately successful on their claims (all of which Gemini expressly denies).

WHEREFORE Gemini prays for judgment in its favor and against Miller for a sum equal to the attorneys' fees and costs that Gemini has incurred in defending the Counterclaimants' counterclaims; for any judgment in favor of the Counterclaimants in the cases captioned Gemini v. Barton, Gemini v. Graves, and Gemini v. Tripp and Thoms, including any pre-judgment interest or attorney's fees; and for the costs and expenses incurred by Gemini in prosecuting the instant action, including its attorneys' fees; and for such other relief as may be allowed by the Court.

## COUNT III: FOR INDEMNITY

42. Gemini repeats the allegations contained in Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. If the Counterclaimants' allegations contained in their counterclaims in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u> are true, which Gemini denies, Gemini may secure a judgment against Miller.

44. If Gemini is held to be liable to the Counterclaimants, such liability will be caused by and be the result of the conduct of Miller as an agent for Gemini.

45. Gemini is entitled to be indemnified by Miller for the amount of any judgment the Counterclaimants recover against Gemini, including any pre-judgment interest, and its fees and expenses in defending this action.

WHEREFORE Gemini prays for judgment in their favor and against Miller for a sum equal to any judgment in favor of the Counterclaimants in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>, including any pre-judgment interest; for the costs and expenses incurred by Gemini in defending the Counterclaimants' counterclaims, including its attorney's fees; for the costs and expenses incurred by Gemini in prosecuting the instant action, including its attorney's fees; and for such other relief as may be allowed by the Court.

## COUNT IV: DECLARATORY JUDGMENT

46. Gemini repeats the allegations contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Miller agreed to indemnify and hold Gemini harmless from and against any and all claims, actions, proceedings, judgments, expenses, damages, and liabilities (including,

9

OM 278448.1

Case 6:14-cv-03161-SRB   Document 1   Filed 04/08/14   Page 9 of 11

without limitation, attorneys' fees and court costs) which may result from breach of the Agreement or any act of commission or omission by Miller.

WHEREFORE, pursuant to 28 U.S.C. §§ 2201, 2202, Gemini prays that the Court enter judgment on Count IV of its Complaint as follows:

    a.    Declare that Miller is required to indemnify Gemini for all attorneys' fees and costs it has incurred to date in defending the counterclaims in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>;

    b.    Declare that Miller is required to indemnify Gemini for all attorneys' fees and costs it incurs in the future for defending the counterclaims in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>;

    c.    Declare that Miller is required to indemnify Gemini for any judgment, including attorneys' fees and costs, that the Counterclaimants obtain against Gemini in the cases captioned <u>Gemini v. Barton</u>, <u>Gemini v. Graves</u>, and <u>Gemini v. Tripp and Thoms</u>;

    d.    Declare that Miller is required to reimburse Gemini for all attorneys' fees and costs that Gemini incurs in prosecuting the instant Complaint; and

    e.    For such other and further relief as the Court may deem necessary and proper.

## **JURY DEMAND**

Gemini hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
    Joshua C. Dickinson    MO #51446
    Bryant T. Lamer    MO #57355
    1000 Walnut Street, Suite 1400
    Kansas City, Missouri 64106-2140
    Telephone: (816) 474-8100
    Facsimile: (816) 474-3216
    E-mail: jdickinson@spencerfane.com
            blamer@spencerfane.com

and

Brett W. Roubal	MO #51329
Baird, Lightner, Millsap & Harpool, P.C.
1901-C S. Ventura Avenue
Springfield, MO 65804
Telephone: (417) 887-0133
Facsimile: (417) 887-8740
E-mail: broubal@blmhpc.com

Attorneys for Plaintiff